UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COMPASS MINERALS AMERICA INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GAIA ENTERPRISES, INC., )<br>)<br>Defendant. ) | Case No. 16-cv-2175-JAR-TJJ |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Gaia's Motion to Enter Its Proposed Protective Order (ECF No. 36) and Plaintiff's Motion for Entry of Confidentiality and Protective Order (ECF No. 38). The parties agree on virtually all provisions of a proposed Protective Order. Each has filed a motion to advocate its position regarding a single paragraph on which they disagree. After balancing the relevant factors and applying the appropriate legal standards, the Court finds that Defendant's is the more well-reasoned and appropriate approach.

**I.    Background**

This is a case in which competitors in the pet-friendly deicing products market bring claims including alleged trademark and trade dress infringement against each other. The parties agree that the Court should enter a protective order in the case, and that such order should classify protected information into two tiers: "confidential" and "highly confidential—attorneys' eyes only" (AEO). While the parties have agreed on every other provision in the proposed order, they have competing proposals for the circumstances in which one party's in-house counsel may obtain and review documents designated as AEO by the producing party.

**II.    Discussion**

Both parties agree that any counsel involved in competitive decision-making should not be permitted to review AEO documents.   In ruling on these motions, the Court accepts the definition of "competitive decision-making" as "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor."[1]   The parties have arrived at a mutually acceptable procedure for allowing one designated in-house attorney for each party to gain access to AEO documents, as follows:

> **7.    Who May Review Documents Designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.** Documents designated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY by a producing party in this action shall not be given, shown, made available, or communicated in any way to any person other than the following:
>
> > **a.    Counsel.** Outside counsel of record for the parties, and employees and agents of counsel who have responsibility for the preparation and trial of the action;
>
> > **b.    Parties.** One in-house attorney for each of the parties to whom disclosure is reasonably necessary for this litigation, in accordance with the following procedures:
>
> > > **i.** If and when a receiving party elects to disclose to the receiving party's in-house attorney documents that have been designated by a producing party as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, the receiving party shall first identify to the producing party its designated in-house attorney.

---

[1] *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465,1468-69 (Fed. Cir. 1984).

> **ii.** Prior to the disclosure of any HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, the receiving party's designated in-house attorney shall: (a) certify that he or she is not involved in any competitive decision-making for the receiving party with respect to the issues involved in the above-captioned matter, (b) be provided with a copy of this Order and be required to read it and agree to all of its terms in writing, and (c) execute the accompanying Acknowledgement and Agreement to Be Bound.
>
> **iii.** If the producing party objects to the receiving party's designated in-house attorney, the producing party shall, within 48 hours of notice of the identity of the receiving party's designated in-house attorney, provide the receiving party with a written explanation detailing the reasons why the producing party believes the receiving party's designated in-house attorney should not have access to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY documents. During this 48-hour period, the receiving party shall not show to its designated in-house attorney documents that have been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by the producing party.[2]

Under this procedure, therefore, before the receiving party's in-house attorney may view AEO materials, the producing party will have 48 hours to object to that individual having access to the document. Plaintiff's proposed language continues and concludes with the following paragraph:

> **iv.** Within 48 hours of receiving notice of the producing party's objection to the receiving party's designated in-house attorney, the receiving party shall have 48 hours to accept or reject the written explanation provided by the producing party. During this second 48-hour period, the receiving party shall not show to its designated in-house attorney documents that have been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by the producing party. If, upon the expiration of this second 48 hour period, the receiving party rejects the producing party's explanation, the receiving party shall set forth the specific reasons

---

[2] ECF No. 39-1 at 6-8.

why the designated person is entitled to see materials pursuant to this Order and the receiving party is free to disclose to its designated in-house attorney documents that have been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by the producing party. Nothing in the foregoing shall preclude the producing party from seeking relief from the Court but the burden shall be on the producing party to show why notwithstanding the signed copy of this Order, disclosure is not appropriate.[3]

Under this procedure, a second 48-hour period follows *during* which the receiving party may reject the reasons for its in-house attorney being unable to see the AEO materials, and *after* which it may disclose the AEO materials to its designated in-house attorney. Defendant agrees to Plaintiff's proposal for what occurs *during* this second 48-hour period. The parties' disagreement begins at the conclusion of the second 48-hour period, assuming neither side has withdrawn its objection. Defendant proposes a third 48-hour period with the following language:

> **v.** Within 48 hours of the producing party receiving the receiving party's specific reasons why the designated person is entitled to see materials, the producing party shall notify the receiving party whether it will seek relief from the Court to preclude review of documents that have been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by the designated person. If the producing party indicates that it will seek such relief, the designated person shall not review documents that have been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the Court reaches its decision. If the producing party indicates that it will not seek such relief, or the producing party fails to notify the receiving party whether it will seek relief from the Court within the 48 hour window, then the receiving party is free to disclose to its designated in-house attorney documents that have been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by the producing party.[4]

---

[3] *Id.* at 8-9.

[4] ECF No. 36-1 at 9.

4

Under Defendant's version, a producing party who objects to any in-house attorney it believes to be a competitive decision-maker may address the objection with the Court before the AEO materials are disclosed to that individual.

Plaintiff argues that its proposal for a claw back of AEO documents adequately protects against the inadvertent disclosure of trade secrets to competitors and strikes the appropriate balance between that risk and the risk to the other party that protection of these trade secrets will prejudice its ability to prosecute or defend this case. Plaintiff contends that in contrast, Defendant's proposal gives the producing party unfettered veto power over disclosure to the receiving party's designated in-house attorney pending a court ruling. Plaintiff argues the procedure builds in unnecessary delay.

Defendant asserts that great prejudice would result if an in-house attorney has improperly been allowed to review AEO documents because there is no after-the-fact remedy for the harm caused by disclosure of trade secrets and other confidential information to a competitive decision-maker. Defendant also denies that its proposal would give a party unfettered veto power, as the ultimate determination of disclosure would be made by the court, not by a party. And if any brief delay occurs by virtue of court review, Defendant contends the resulting prejudice would be slight in comparison to that suffered by a party whose trade secrets have been revealed to a competitive decision-maker.

While there is no absolute privilege for confidential information, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way [.]"[5] The party seeking the protective order has the burden to show good cause.[6] Based on the pleadings and the parties' representations, good cause exists for a two-tiered protective order in this case.

Where the protection sought is to ascertain whether certain identified individuals should be permitted to view the materials, as with this AEO provision, courts must balance the risk of inadvertent disclosure to competitors against the risk of prejudice to the other party's ability to prosecute or defend the present action.[7] When balancing these risks, courts should consider whether the prohibited individual "would be virtually unable to compartmentalize the information and not use the information to seek to gain an unfair competitive advantage."[8] A court must determine whether there is an unacceptable risk of or opportunity for inadvertent disclosure of confidential information, and should consider whether

---

[5] Fed. R. Civ. P. 26(c)(1)(G).

[6] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[7] *Id.* at 249.

[8] *MGP Ingredients, Inc. v. Mars, Inc.,* 245 F.R.D. 497, 501 (D. Kan. 2007).

prohibiting an individual's access to the information would hamper a party's ability to effectively proceed with and assess the merits of the litigation.[9] "This involves considering the individual's specific role in the litigation, whether his or her expertise is specialized and not widely available through the retention of other experts, and whether this specialized expertise is essential to the proper handling of the litigation."[10]

Defendant avers that Plaintiff has not identified the individual to whom it would disclose AEO materials, and Plaintiff does not disagree. Under the relevant legal standards and burdens, this information is essential to the Court's ability to weigh the relative harms. Without the information, Plaintiff's proposal would deny the producing party the opportunity to fully assess the risk that its confidential information would be inadvertently disclosed to a competitor. As such, the Court does not find it acceptable in this case. In contrast, Defendant's proposal assures proper balancing and imposes no hardship on the receiving party.

After considering the respective positions of the parties and reviewing the applicable law, the Court determines that Defendant has shown good cause why its proposed AEO provision should be included in the parties' protective order. The Court will enter the Protective Order as stipulated with the exception of part of

---

[9] *Suture Exp., Inc. v. Cardinal Health, 200, LLC*, Case No. 12-2760-RDR, 2013 WL 6909158, at *6–7 (D. Kan. Dec. 31, 2013).

[10] *Layne Christensen Co.*, 271 F.R.D. at 250.

section 7(b)(iv) and all of section 7(b)(v). The Court will adopt Defendant's proposed language and will add the language shown below in bold to clarify the respective parties' burdens.

    **v.** Within 48 hours of the producing party receiving the receiving party's specific reasons why the designated person is entitled to see materials, the producing party shall notify the receiving party whether it will seek relief from the Court to preclude review of documents that have been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by the designated person. **In any instance in which the producing party seeks relief from the Court under this provision, the producing party shall have the burden to show why the designated person is not entitled to see the materials.** If the producing party indicates that it will seek such relief, the designated person shall not review documents that have been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the Court reaches its decision. If the producing party indicates that it will not seek such relief, or the producing party fails to notify the receiving party whether it will seek relief from the Court within the 48 hour window, then the receiving party is free to disclose to its designated in-house attorney documents that have been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by the producing party.

    **IT IS SO ORDERED.**

    Dated this 16th day of August, 2017, at Kansas City, Kansas.

                                    *s/ Teresa J. James*
                                    Teresa J. James
                                    U.S. Magistrate Judge